IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUBEN A. YBANEZ | § | |
| | § | |
| V. | § | A-14-CA-681-LY |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 15); and Petitioner's response thereto (Document 17). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, that Petitioner's application for writ of habeas corpus should be denied.

STATEMENT OF THE CASE

A. **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause number D-1-DC-12-301491. Petitioner was charged by indictment with one count of aggravated sexual assault of child and two counts of indecency with a child by contact, with prior felonies

alleged for the enhancement of punishment. Petitioner pleaded guilty as charged to one count of indecency with a child by contact on March 26, 2013, and was sentenced to eight years' imprisonment pursuant to a plea bargain agreement.

Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Ex parte Ybanez, Appl. No. 29,309-02 at cover.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He received ineffective assistance of counsel because his trial counsel failed to inquire into his motion for new counsel;

2. The trial court erred by not ruling or holding a hearing on his motion for new counsel; and

3. He received ineffective assistance of counsel because his trial counsel was biased and had a conflict of interest.

**C.    Exhaustion of State Court Remedies**

Respondent contends Petitioner did not exhaust his state court remedies with regard to his first ground for relief, but does not contest the remaining claims are exhausted. Respondent argues the unexhausted claim is procedurally barred.

## DISCUSSION AND ANALYSIS

**A.    Unexhausted Claim**

Petitioner has not exhausted his first claim, and that claim is procedurally defaulted. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly

2

presented to the highest state court. Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999); see also Picard v. Connor, 404 U.S. 270, 275 (1971). As explained by the Fifth Circuit:

> A claim is fairly presented when the petitioner "asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation." Kittelson v. Dretke, 426 F.3d 306, 315 (5th Cir. 2005) (per curiam) (internal quotation marks omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) (holding that petitioner did not fairly present federal due process claim by bringing a "somewhat similar" but doctrinally distinct "miscarriage of justice" claim under the California Constitution); Gartrell v. Lynaugh, 833 F.2d 527, 529 (5th Cir. 1987) (holding that petition presenting state-law sufficiency challenge fairly presented a federal sufficiency challenge because "the federal and state standards applicable to [petitioner]'s claims are identical, not merely 'somewhat similar'"). "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson, 459 U.S. at 6).

Johnson v. Cain, 712 F.3d 227, 231 (5th Cir. 2013). Petitioner did not raise a claim in his state application that counsel was ineffective for failing to inquire into Petitioner's motion for new counsel.

Moreover, this unexhausted claim is now procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have

clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, cert. denied, 519 U.S. 1093 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claim.

**B.     Exhausted Claims**

In his second ground for relief, Petitioner argues the trial court erred by not ruling or holding a hearing on his motion for new counsel. Relatedly, in his final claim, Petitioner argues he was denied effective assistance of counsel because his trial counsel was biased and had a conflict of interest. Petitioner is not entitled to relief on these claims, as both were waived by his guilty plea, and Petitioner does not challenge the validity of that plea.

To be valid, a guilty plea must be voluntary, knowing and intelligent. United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." Matthew v. Johnson, 201 F.3d 353, 364-65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections that he has waived, and have advice from competent counsel. Washington, 480 F.3d at 315 (citation omitted). Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Matthew, 201 F.3d at 365 (quoting Brady v. United States, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." Id. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of

ineffective assistance of counsel relating to the voluntariness of the plea. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770-71, 90 S. Ct. 1441 (1970).

Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" Cuyler v. Sullivan, 446 U.S. 335, 344 (1980) (quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970)). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." Argersinger v. Hamlin, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

There is no evidence in this case that Petitioner did not have a clear understanding of the proceedings against him, the nature of the offense for which he was charged, or the consequences of entering his plea. Petitioner was admonished with regard to the range of punishment, signed the waiver of rights and agreements in connection with plea of guilty, and confessed he committed the charged offense as alleged in the indictment or information. See Respondent's Exhibit A. There is simply no evidence that Petitioner's plea was not voluntary, knowing and intelligent. As such, Petitioner's guilty plea waived his two exhausted claims.[1]

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would

---

[1] The Court notes had Petitioner exhausted the state court remedies with respect to his first claim, it too would have been waived by Petitioner's valid guilty plea.

find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE